1  KAMER ZUCKER ABBOTT
   Gregory J. Kamer       #0270
2  Edwin A. Keller, Jr.   #6013
   R. Todd Creer          #10016
3  3000 West Charleston Boulevard, Suite 3
4  Las Vegas, Nevada 89102-1990
   Tel: (702) 259-8640
5  Fax: (702) 259-8646

6  Attorneys for Defendant
7  NPL Construction Co.

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| GABRIEL HERNANDEZ, RODOLFO NAVA, IVAN MADRIGAL, FRANCISCO CASTILLO, JOEL ROSA DE JESUS, JUAN CARLOS NAVARRETE, JUAN JOSE ACOSTA FLORES, ISMAEL AMPARAN-COBOS, EFREN RUANO, JUAN PALOMERA, OCTAVIO ANCHONDO, ARNOLDO RODRIGUEZ, and JESUS ANCHONDO,<br><br>　　　　　Plaintiffs,<br><br>vs.<br><br>CREATIVE CONCEPTS, INC., NORTHERN PIPELINE CONSTRUCTION CO., NPL CONSTRUCTION CO., SPEIDEL ENTERPRISES, INC., d/b/a CREATIVE CONCEPTS, JOHN SPEIDEL, and PAUL SCHELLY d/b/a LAW OFFICES OF PAUL SCHELLY,<br><br>　　　　　Defendants. | Case No. 2:10-cv-02132-PMP-LRL<br><br><br><br><br><br><br><br>**DEFENDANT NPL CONSTRUCTION CO.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** |

Defendant NPL Construction Co. ("NPL"), by and through its attorneys of record, the law firm of Kamer Zucker Abbott, answers Plaintiffs' Second Amended Complaint by denying each and every allegation in all paragraphs, except for those paragraphs or portions of paragraphs expressly and specifically admitted or otherwise referenced *infra*:

**KAMER ZUCKER ABBOTT**　　*Attorneys at Law*
3000 West Charleston Boulevard, Suite 3 • Las Vegas, NV 89102 • (702) 259-8640

Page 1 of 15

1. Answering Paragraph 1 of the Second Amended Complaint, NPL states that these allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, NPL denies each and every factual allegation contained in said paragraph.

2. Answering Paragraphs 2 to 5 of the Second Amended Complaint, NPL states that it is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraphs 2 to 5 of the Second Amended Complaint and therefore denies each and every allegation contained in Paragraphs 2 to 5 of the Second Amended Complaint.

3. NPL admits the allegations in Paragraph 6 of the Second Amended Complaint.

4. Answering Paragraph 8 of the Second Amended Complaint, NPL admits only that Southwest Gas Corporation is the parent company of NPL Construction Co.  NPL denies each and every other allegation contained in Paragraph 8 of the Second Amended Complaint.

5. Answering Paragraph 9 of the Second Amended Complaint, NPL states that these allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, NPL denies each and every factual allegation contained in said paragraph.

6. Answering Paragraph 10 of the Second Amended Complaint, based on its present knowledge, information and belief, NPL states that Plaintiff Gabriel Hernandez was an individual in its employ on or before November 2002, who identified himself as Gabriel Garcia Hernandez; that Plaintiff Rodolfo Nava was an individual in its employ on or before November 2002, who identified himself as Jose Rodolfo Nava-Melchor; that Plaintiff Ivan Madrigal was an individual in its employ on or before November 2002, who identified himself as Ivan Leopoldo Madrigal; that Plaintiff Francisco Castillo was an individual in its employ on or before November 2002, who identified himself as Francisco Castillo Delgadillo; that Plaintiff Joel Rosa De Jesus was an individual in its employ on or before November 2002, who identified himself as Joel Rosa De Jesus; that Plaintiff Juan Carlos Navarrete was an individual in its employ on or before November 2002, who identified himself as Juan Carlos Navarrete; that Plaintiff Juan Jose

Acosta Flores was an individual in its employ on or before November 2002, who identified himself as Juan Jose Acosta; that Plaintiff Ismael Amparan-Cobos was an individual in its employ on or before November 2002, who identified himself as Ismael Cobos Amparan; that Plaintiff Efren Ruano was an individual in its employ on or before November 2002, who identified himself as Efren Ruano; that Plaintiff Juan Palomera was an individual in its employ on or before November 2002, who identified himself as E-Federico Billalobos; that Plaintiff Octavio Anchondo was an individual in its employ on or before November 2002, who identified himself as Octavio Anchondo Munoz; that Plaintiff Arnoldo Rodriguez was an individual in its employ on or before November 2002, who identified himself as Arnoldo Anguiano-Rodriguez; that Plaintiff Jesus Anchondo was an individual in its employ on or before November 2002, who identified himself as Jesus Humberto Anchondo Munoz.  NPL denies each and every other allegation contained in Paragraph 10 of the Second Amended Complaint.

   7. Answering Paragraph 11 of the Second Amended Complaint, NPL admits only that it is a wholly-owned subsidiary of Southwest Gas Corporation, a publicly traded company trading on the New York Stock Exchange under the ticker symbol "SWX."  NPL further admits only that it is, among other things, a full-service underground piping contractor that provides utility companies with trenching and installation, replacement, and maintenance services for energy distributions.  NPL denies each and every other allegation contained in Paragraph 11 of the Second Amended Complaint.

   8. Answering Paragraph 12 of the Second Amended Complaint, NPL admits only that Sean Murphy works for NPL as a Foreman and that Cavin Donnell has worked for NPL as a Superintendent and Area Manager.  NPL denies each and every other allegation contained in Paragraph 12 of the Second Amended Complaint.

   9. Answering Paragraph 13 of the Second Amended Complaint, NPL admits only that Cavin Donnell has worked for NPL as a Superintendent and Area Manager, Earl Mahan worked for NPL as an Area Manager, and Dan Weaklend is a Senior Officer for NPL.  NPL

denies each and every other allegation contained in Paragraph 13 of the Second Amended Complaint.

10. Answering Paragraph 15 of the Second Amended Complaint, NPL admits only that some Plaintiffs submitted Authorizations for Payroll Deductions to NPL to have amounts deducted from their earnings and paid to Creative Concepts, Inc.  NPL further admits only that Cavin Donnell has worked for NPL as a Superintendent and Area Manager, Earl Mahan worked for NPL as an Area Manager, and Dan Weaklend is a Senior Officer for NPL.  NPL denies each and every other allegation contained in Paragraph 15 of the Second Amended Complaint.

11. Answering Paragraph 18 of the Second Amended Complaint, NPL states that it is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraph 18 of the Second Amended Complaint and therefore denies each and every allegation contained in Paragraph 18 of the Second Amended Complaint.

12. Answering Paragraph 19 of the Second Amended Complaint, NPL admits only upon information and belief that Paul Schelly held himself out as the attorney or representative of some Plaintiffs in correspondence to the U.S. Department of Labor.  NPL states that it is without sufficient knowledge or information to either admit or deny the other allegations contained in Paragraph 19 of the Second Amended Complaint and therefore denies each and every other allegation contained in Paragraph 19 of the Second Amended Complaint.

13. Answering Paragraph 20 of the Second Amended Complaint, NPL admits only that it is aware of documents purportedly from the Department of Labor to Paul Schelly certifying some of the Plaintiffs' Applications for Employment Certification in August and September 2005.  NPL denies each and every other allegation contained in Paragraph 20 of the Second Amended Complaint.

14. Answering Paragraph 21 of the Second Amended Complaint, NPL admits only that some Plaintiffs submitted Authorizations for Payroll Deductions to NPL to have amounts deducted from their earnings and paid to Creative Concepts, Inc.  NPL further admits only that

Cavin Donnell has worked for NPL as a Superintendent and Area Manager.  NPL denies each and every other allegation contained in Paragraph 21 of the Second Amended Complaint.

15.	Answering Paragraphs 22 to 24 of the Second Amended Complaint, NPL states that it is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraphs 22 to 24 of the Second Amended Complaint and therefore denies each and every allegation contained in Paragraphs 22 to 24 of the Second Amended Complaint.

16.	Answering Paragraph 26 of the Second Amended Complaint, NPL admits only that Cavin Donnell has worked for NPL as a Superintendent and Area Manager.  NPL denies each and every other allegation contained in Paragraph 26 of the Second Amended Complaint.

17.	Answering Paragraph 27 of the Second Amended Complaint, NPL admits only that it did not file an I-485 on behalf of Plaintiffs.  NPL denies each and every other allegation contained in Paragraph 27 of the Second Amended Complaint.

18.	Answering Paragraphs 28 to 35 of the Second Amended Complaint, NPL states that it is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraphs 28 to 35 of the Second Amended Complaint and therefore denies each and every allegation contained in Paragraphs 28 to 35 of the Second Amended Complaint.

19.	Answering Paragraph 37 of the Second Amended Complaint, NPL states that the only valid and enforceable contracts entered into by NPL pertaining to Plaintiffs were the collective bargaining agreements with the locals unions of the Laborers' International Union of North America.  NPL denies each and every other allegation contained in Paragraph 37 of the Second Amended Complaint.

20.	Answering Paragraph 36 and Paragraphs 38 to 41 of the Second Amended Complaint, NPL denies each and every allegation contained in Paragraph 36 and Paragraphs 38 to 41 of the Second Amended Complaint.

21.	Answering Paragraphs 42 to 47 of the Second Amended Complaint, NPL states that it is without sufficient knowledge or information to either admit or deny the allegations

contained in Paragraphs 42 to 47 of the Second Amended Complaint and therefore denies each and every allegation contained in Paragraphs 42 to 47 of the Second Amended Complaint.

22. Answering Paragraphs 48 to 53 of the Second Amended Complaint, NPL denies each and every allegation contained in Paragraphs 48 to 53 of the Second Amended Complaint.

23. Answering Paragraphs 54 to 60 of the Second Amended Complaint, NPL states that it is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraphs 54 to 60 of the Second Amended Complaint and therefore denies each and every allegation contained in Paragraphs 54 to 60 of the Second Amended Complaint.

24. Answering Paragraphs 61 to 64, and 66 of the Second Amended Complaint, NPL denies each and every allegation contained in Paragraphs 61 to 64, and 66 of the Second Amended Complaint.

25. Answering Paragraph 65, including all sub-parts, of the Second Amended Complaint, NPL admits only that Cavin Donnell has worked for NPL as a Superintendent and Area Manager. NPL denies each and every other allegation contained in Paragraph 65, including all sub-parts, of the Second Amended Complaint.

26. Answering Paragraphs 67 to 77 of the Second Amended Complaint, NPL states that it is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraphs 67 to 77 of the Second Amended Complaint and therefore denies each and every allegation contained in Paragraphs 67 to 77, including all sub-parts, of the Second Amended Complaint.

27. Answering Paragraphs 78 to 79 of the Second Amended Complaint, NPL denies each and every allegation contained in Paragraphs 78 to 79 of the Second Amended Complaint.

28. Answering Paragraph 80 of the Second Amended Complaint, NPL admits only that Richy Muston has worked for NPL as a Foreman and Superintendent, Tom Smith worked for NPL as a Superintendent, Cavin Donnell has worked for NPL as a Superintendent and Area Manager, Earl Mahan worked for NPL as an Area Manager, and Dan Weaklend is a Senior Officer for NPL. NPL denies each and every other allegation contained in Paragraph 80, including all sub-parts, of the Second Amended Complaint.

29. Answering Paragraphs 81 to 88 and Paragraph 90 of the Second Amended Complaint, NPL denies each and every allegation contained in Paragraphs 81 to 88 and Paragraph 90 of the Second Amended Complaint.

30. Answering Paragraph 89 of the Second Amended Complaint, NPL admits only that Richy Muston has worked for NPL as a Foreman and Superintendent, Tom Smith worked for NPL as a Superintendent, Cavin Donnell has worked for NPL as a Superintendent and Area Manager, Earl Mahan worked for NPL as an Area Manager, and Dan Weaklend is a Senior Officer for NPL. NPL denies each and every other allegation contained in Paragraph 89, including all sub-parts, of the Second Amended Complaint.

31. Answering Paragraphs 91 to 96 of the Second Amended Complaint, NPL states that it is without sufficient knowledge or information to either admit or deny the allegations contained in Paragraphs 91 to 96 of the Second Amended Complaint and therefore denies each and every allegation contained in Paragraphs 91 to 96, including all sub-parts, of the Second Amended Complaint.

32. Answering Paragraph 98 of the Second Amended Complaint, NPL that these allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, NPL denies each and every factual allegation contained in said paragraph.

33. Answering Paragraph 99 of the Second Amended Complaint, NPL that these allegations are procedural statements and/or legal conclusions that require no answer, but to the extent they contain factual allegations, NPL denies each and every factual allegation contained in said paragraph.

34. Answering Paragraphs 100 to 115 of the Second Amended Complaint, NPL denies each and every allegation contained in Paragraphs 100 to 115 of the Second Amended Complaint.

35. Answering Paragraphs 116 to 118 of the Second Amended Complaint and Plaintiffs' Prayer as set forth in the Second Amended Complaint, NPL states that these allegations are legal conclusions that require no answer, but to the extent they contain factual

allegations, NPL denies each and every factual allegation contained in Paragraphs 116 to 118 of the Second Amended Complaint and Plaintiffs' Prayer as set forth in the Second Amended Complaint.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

NPL denies all of Plaintiffs' allegations except as specifically set forth above. For purposes of this Affirmative Defense only, NPL alleges that Plaintiffs' Second Amended Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred because any actions taken by NPL were proper, legitimate, based upon good faith and were not motivated by hatred, ill-will or with the deliberate intent to injure Plaintiffs.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred because NPL's conduct at all times was privileged in that NPL and its authorized agents at all times engaged in conduct within NPL's rights and did so in a permissible way, and said privilege was not, at any time, abused.

### FOURTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Second Amended Complaint seeks punitive damages, Plaintiffs fail to allege facts sufficient to give rise to a claim for punitive damages.

### FIFTH AFFIRMATIVE DEFENSE

To the extent Plaintiffs' Second Amended Complaint seeks punitive damages, such claims may violate the procedural and substantive due process rights guaranteed to NPL under the United States Constitution and the Constitution of Nevada.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because the alleged conduct of the identified Defendants, even if true, was not authorized, condoned or ratified by NPL.

**SEVENTH AFFIRMATIVE DEFENSE**

An award of damages is barred, in whole or in part, by Plaintiffs' failure to undertake reasonable efforts to mitigate damages.

**EIGHTH AFFIRMATIVE DEFENSE**

An award of damages is barred, in whole or in part, by Plaintiffs' immigration statuses.

**NINTH AFFIRMATIVE DEFENSE**

The damages suffered by Plaintiffs, if any, were proximately caused by their own willful acts, negligence, or omissions and/or from acts and/or omissions of persons other than NPL or its authorized agents.

**TENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because NPL exercised reasonable care with respect to any duty owed to Plaintiffs.

**ELEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by failure of consideration.

**TWELFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, due to fraud perpetuated by Plaintiffs, including but not limited to Plaintiffs' providing of false documents, utilizing other names and social security numbers not assigned to them, and/or misrepresenting their ability to legally work in the United States, which conduct occurred as part of their applications for employment with NPL, I-9 Forms, and other documents and/or at the outset of their employment with NPL.

**THIRTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by illegality.

**FOURTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by the doctrine of laches.

**FIFTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by the statute of frauds.

**SIXTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by the doctrine of unclean hands.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by the applicable statutes of limitations.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because it is untimely.

**NINETEENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is preempted by federal law under the National Labor Relations Act.

**TWENTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is preempted by the principle of exclusive representation in Section 9(a) of the National Labor Relations Act, 29 U.S.C. § 159(a).

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is preempted by International Association of Machinists v. Wisconsin Employment Relations Commission, 427 U.S. 132 (1976), and its progeny.

**TWENTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is preempted by San Diego Building Trades Council v. Garmon, 359 U.S. 236 (1959), and its progeny.

**TWENTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is preempted by Section 301 of the Labor Management Relations Act of 1947, 29 U.S.C. § 185.

**TWENTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred by Plaintiffs' failure to exhaust contractual remedies under the collective bargaining agreements.

**TWENTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are waived or released.

**TWENTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because Plaintiffs failed to exhaust their administrative remedies.

**TWENTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred due to the significant federal interests involved and the corresponding notions of federalism.

**TWENTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' claims are barred, in whole or in part, by the exclusive remedy provisions of the Nevada Industrial Insurance Act.

**TWENTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint and any possible recovery are barred by the after-acquired evidence doctrine.

**THIRTIETH AFFIRMATIVE DEFENSE**

With respect to any alleged breach of contract, Plaintiffs committed a prior breach thereof, thereby excusing NPL from the performance sought by Plaintiffs.

**THIRTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because NPL made no fraudulent and/or negligent misrepresentation.

**THIRTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because the alleged misrepresentation by NPL pertained to a matter covered by a contract and an action for breach of contract is Plaintiffs' exclusive remedy.

**THIRTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because the alleged misrepresentation was a promise that would be unenforceable under contract law.

**THIRTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because the alleged misrepresentation was not made with fraudulent intent or scienter.

**THIRTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because Plaintiffs could not have reasonably or justifiably relied on any alleged misrepresentation by NPL.

**THIRTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because Plaintiffs did not rely on any alleged misrepresentation by NPL.

**THIRTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because Plaintiffs did not sustain an injury as a result of NPL's alleged misrepresentation.

**THIRTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because the alleged misrepresentation could not reasonably be understood to convey the message claimed by Plaintiffs.

**THIRTY-NINTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because there is no proximate cause between Plaintiffs' alleged injury and NPL's alleged misrepresentation.

**FORTIETH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because there was no intent by Plaintiffs and NPL to enter into a contract.

///

///

///

**FORTY-FIRST AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because the only contract affecting the relationship between Plaintiffs and NPL were collective bargaining agreements.

**FORTY-SECOND AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by the doctrine of impossibility.

**FORTY-THIRD AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because of lack of mutuality.

**FORTY-FOURTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, due to changed circumstances.

**FORTY-FIFTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because any alleged misrepresentation by NPL pertained only to future events or circumstances.

**FORTY-SIXTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because any alleged contract is void and/or voidable.

**FORTY-SEVENTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, because any alleged misrepresentation by NPL merely represented the opinion of NPL.

**FORTY-EIGHTH AFFIRMATIVE DEFENSE**

Plaintiffs' Second Amended Complaint is barred, in whole or in part, by the doctrine of *in pari delicto*.

**FORTY-NINTH AFFIRMATIVE DEFENSE**

The nature of the claims asserted by Plaintiffs under cover of their Second Amended Complaint is not specific and is vague and ambiguous. Because Plaintiffs have not provided

<a>

</a>

NPL with specific information regarding their Second Amended Complaint, NPL reserves the right to amend its Answer to assert any applicable, additional, or other defenses constituting an avoidance or affirmative defense at such time as the nature of Plaintiffs' claims and the facts related to them are revealed to NPL.

WHEREFORE, Defendant NPL Construction Co. prays for relief as follows:

1. That Plaintiffs' Complaint be dismissed with prejudice;
2. That NPL be awarded their reasonable attorney's fees and costs in defense of this matter; and
3. For such other and further relief as the Court deems reasonable and proper.

DATED this 15th day of August, 2011.

        Respectfully submitted,

        KAMER ZUCKER ABBOTT

By:   /s/ R. Todd Creer
Gregory J. Kamer   #0270
Edwin A. Keller, Jr.   #6013
R. Todd Creer   #10016
3000 West Charleston Boulevard, Suite 3
Las Vegas, Nevada 89102
Tel:   (702) 259-8640
Fax:   (702) 259-8646

Attorneys for Defendant NPL Construction Co.

## CERTIFICATE OF SERVICE

I hereby certify that on the 15th day of August, 2011, the undersigned employee of Kamer Zucker Abbott served a copy of **DEFENDANT NPL CONSTRUCTION CO.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** through the Electronic Case Filing system of the United States District Court, District of Nevada to:

>Stanley D. Broome, Esq.
>Broome Law Firm, PLLC
>105 Decker Court, Suite 850
>Irving, Texas 75062
>
>Dawn Allysa Hooker, Esq.
>Christensen Law Offices
>1000 South Valley View Boulevard
>Las Vegas, Nevada 89107
>
>Attorneys for Plaintiffs

By: /s/ R. Todd Creer
An employee of Kamer Zucker Abbott

## CERTIFICATE OF MAILING

I hereby certify that on the 15th day of August, 2011, the undersigned employee of Kamer Zucker Abbott placed a copy of the foregoing **DEFENDANT NPL CONSTRUCTION CO.'S ANSWER TO PLAINTIFFS' SECOND AMENDED COMPLAINT** in a sealed envelope in the United States Mail, postage prepaid, and addressed as follows:

>Mr. John Speidel
>Creative Concepts, Inc.
>Speidel Enterprises, Inc.
>925 North Garey Avenue
>Pomona, California 91767
>
>Mr. Paul Schelly
>123 South Figueroa, Street #1142
>Los Angeles, California

By: /s/ R. Todd Creer
An employee of Kamer Zucker Abbott