UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GABRIEL HERNANDEZ, RODOLFO NAVA, IVAN MADRIGAL, FRANCISCO CASTILLO, JOEL ROSA DE JESUS, JUAN CARLOS NAVARRETE, JUAN JOSE ACOSTA FLORES, ISMAEL AMPARAN-COBOS, EFREN RUANO, JUAN PALOMERA, OCTAVIO ANCHONDO, ARNOLDO RODRIGUEZ, and JESUS ANCHONDO, <br><br>Plaintiffs,<br><br>v.<br><br>CREATIVE CONCEPTS, INC.; SPEIDEL ENTERPRISES, INC.; JOHN SPEIDEL; PAUL SCHELLY; NORTHERN PIPELINE CONSTRUCTION CO.; and NPL CONSTRUCTION CO.,<br><br>Defendants. | ORDER<br><br>2:10-CV-02132-PMP-LRL |

Before the Court is Defendant NPL Construction Co.'s ("NPL") Motion for Summary Judgment (Doc. #42), filed on August 15, 2011. Plaintiffs filed an Opposition (Doc. #66) and a Motion for Continuance of Submission of NPL's Summary Judgment Motion (Doc. #65) on October 26, 2011. Defendant NPL filed an Opposition to Plaintiff's Motion for Continuance (Doc. #70) and a Reply (Doc. #71) on November 18, 2011. The Court held a hearing on these motions on February 22, 2012. (Mins. of Proceedings (Doc. #73).)

One of the grounds on which NPL seeks summary judgment is preemption under the National Labor Relations Act ("NLRA"), referred to as Garmon preemption after the

case that first recognized the principle.  See San Diego Bldg. Trades Council, Millmen's Union, Local 2020 v. Garmon, 359 U.S. 236, 244-45 (1959).  The NLRA has unique preemptive force.  "When an activity is arguably subject to § 7 or § 8 of the Act, the States as well as the federal courts must defer to the exclusive competence of the National Labor Relations Board . . . ."  Id. at 245.  Consequently, unlike preemption under section 301 of the Labor Management Relations Act, Garmon preemption divests both state and federal courts of jurisdiction to hear a preempted claim, as only the National Labor Relations Board ("NLRB") may address the dispute.  Hayden v. Reickerd, 957 F.2d 1506, 1512 (9th Cir. 1991).

        Garmon preemption therefore raises a question of whether this Court has jurisdiction over Plaintiffs' claims.  See id. ("If the Garmon doctrine indeed preempts [the plaintiff's] claims, the federal district court never had jurisdiction in the first place . . . .").  This Court has an independent obligation to examine its own jurisdiction.  FW/PBS, Inc. v. City of Dallas, 493 U.S. 215, 231 (1990).  Having read the briefs and heard the arguments of counsel, the Court concludes further briefing on the Garmon preemption issue is necessary to fully develop the issue of this Court's jurisdiction.  Specifically, the parties have not fully addressed whether NPL has met its initial burden of making a non-conclusory showing that its activity is arguably subject to the NLRB's exclusive jurisdiction.  See Int'l Longshoremen's Ass'n, AFL-CIO v. Davis, 476 U.S. 380, 394-98 (1986); Operating Eng'rs Pension Trust v. Wilson, 915 F.2d 535, 539-40 (9th Cir. 1990).  Additionally, the parties have not addressed whether any exceptions to Garmon preemption apply.  See Belknap, Inc. v. Hale, 463 U.S. 491, 509-11 (1983); Sears, Roebuck & Co. v. San Diego Cnty. Dist. Council of Carpenters, 436 U.S. 180, 195 (1978); Milne Emps. Ass'n v. Sun Carriers, 960 F.2d 1401, 1413-14 (9th Cir. 1991).  The Court therefore will order supplemental briefing solely on the issue of Garmon preemption and any exceptions thereto.

///

1    IT IS THEREFORE ORDERED that the parties shall file cross opening briefs solely on the issue of <u>Garmon</u> preemption on or before March 14, 2012.  The parties shall file any response briefs on or before March 23, 2012.  No reply briefs shall be filed.

DATED:  February 23, 2012

_____
PHILIP M. PRO
United States District Judge