UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\*\*\*

| | |
|---|---|
| GABRIEL HERNANDEZ, *et al.*, | 2:10-cv-02132-PMP -VCF |
| Plaintiffs, | |
| vs. | **ORDER** |
| CREATIVE CONCEPTS, *et al.*, | (*Emergency* Motion Request To Lengthen Time |
| Defendants. | For Plaintiffs' Depositions #99) |

Before the court is defendants' *Emergency* Motion To Lengthen Time For Plaintiffs' Depositions. (#99). The court held a hearing on August 15, 2012, at 2:30 p.m. (#100).

Defendants filed the instant *emergency* motion at 12:29 a.m. on August 15, 2012, the day on which defendants were scheduled to conduct one of thirteen (13) two-day depositions. (#99).

**Background**

Defense counsel asserts that in light of the five (5) year span of events relevant to the action and the need for a Spanish interpreter, he sent an e-mail to plaintiffs' counsel on June 13, 2012 (#99-1 Exhibit 3), proposing a deposition schedule consisting of two-day depositions beginning on August 9, 2012, and ending on September 14, 2012. *Id.* On the same day, plaintiffs' counsel indicated that he had concerns with the two-day depositions because of plaintiffs' work schedule. (#99-1 Exhibit 4). After the parties discussed the issue via e-mail (#99-1 Exhibit 5 and 6), defense counsel stated that "[i]f the issue of scheduling two days for the [p]laintiffs' depositions is not something we can stipulate to, but rather is now an[] issue for you, please confirm the same and we will turn our attention from deposition scheduling to getting the Magistrate Judge involved on an expedited basis." (#99-1 Exhibit 6).

In response to this e-mail, plaintiffs' counsel asked defense counsel to re-read a previous e-mail, and stated that he was "happy to work with [defense counsel]," but that if defense counsel planned to go 48 hours straight, then the Magistrate Judge would need to get involved. *Id.* Defense counsel asserted that re-reading the e-mail did not change his mind, and explained how the defendants intended to proceed with the two-day depositions. *Id.* At the end of the e-mail, defense counsel stated that if the explanation did not address plaintiffs' counsel's concerns, then the parties would need to speak the next day, June 14, 2012. *Id.*

According to the record before the court, the parties did not discuss the issue again, and on June 20, 2012, defense counsel issued notices of the two-day depositions of plaintiffs. (#99-1 Exhibit 7). On June 21, 2012, defense counsel e-mailed the notices to plaintiffs' counsel. *Id.* On August 8, 2012, the day before the first plaintiff's deposition was scheduled to begin, plaintiffs' counsel informed defense counsel that he could not allow the depositions to go two days with each plaintiff, because, among other reasons, the two-day depositions would be burdensome and are unnecessary. (#99-1 Exhibit 8). The instant motion followed. (#99).

**Discussion**

Based on the record before the court, recognizing that the motion was filed as an emergency motion and that the hearing was held on an expedited basis without plaintiffs filing a response, the court finds that defendants reasonably believed that plaintiffs' counsel's concerns with the two-day depositions had been addressed during the June 13, 2012, e-mail correspondence (#99-1 Exhibit 3, 4, 5, and 6). Defense counsel is therefore permitted to conduct two-day depositions of the plaintiffs. The court understands, however, that some plaintiffs may not be able to be deposed for two consecutive days due to work conflicts.

Accordingly and for good cause shown,

2

IT IS ORDERED that Defendants' *Emergency* Motion To Lengthen Time For Plaintiffs' Depositions (#99) is GRANTED.

IT IS FURTHER ORDERED that the depositions of plaintiffs shall proceed as follows:

(1) Prior to commencing the deposition, defense counsel must inquire as to whether the deponent is scheduled to work the following day.

(2) If the deponent is *not* scheduled to work the following day, the deposition will proceed as contemplated in the June 20, 2012, Notice of Taking Depositions of Plaintiffs (#99-1 Exhibit 7).

(3) If the deponent *is* scheduled to work the following day, defense counsel will conduct the deposition for a single day, and, if necessary, re-schedule the second day of the deposition.

(4) Defense counsel must conduct the depositions efficiently and limit all topics to those that are "relevant to any party's claim or defense–including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter." *See* Federal Rule of Civil Procedure 26(b)(1).

(5) This order does not limit a plaintiff's right to avail himself to the procedures set forth in Fed. R. Civ. P. 30(d)(3)(A).

IT IS FURTHER ORDERED that the parties have up to and including August 22, 2012, to file a stipulation to extend discovery deadlines.

DATED this 16th day of August, 2012.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE