# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| GABRIEL HERNANDEZ, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CREATIVE CONCEPTS, *et al.,* <br><br> Defendants. | 2:10-cv-02132-PMP -VCF <br><br><br> **ORDER** <br><br> **(*Emergency* Motion To Strike Plaintiffs' Designation of Expert Witness #138)** |

Before the court is defendant NPL Construction Company's (hereinafter "NPL") *Emergency* Motion To Strike Plaintiff's Designation of Expert Witness and ERRATA.  (#138 and #140).  Plaintiffs Gabriel Hernandez, *et al* filed an Opposition (#152) and a Supplement to the Expert Report (#153), and defendant filed a Reply (#155).  The court held a hearing on January 25, 2013, at 10:30 a.m.  (#157).

**Background**

    **A.**    **Relevant Background**

Plaintiffs filed their first amended complaint on November 1, 2010, in the Eighth Judicial District Court, Clark County, Nevada, against defendants asserting claims for (1) breach of contract (against Creative Concepts), (2) breach of contract, (3) breach of confidential relationship, (4) breach of fiduciary duty, (5) fraudulent inducement, (6) fraudulent inducement, (7) negligent misrepresentation, and (8) negligent misrepresentation.  (#1-3).  Plaintiffs' amended complaint arises from their employment with Northern Pipeline Construction and NPL during which time they were introduced to John Speidel, Speidel Enterprises, Inc. d/b/a as Creative Concepts and Creative Concepts Inc. (hereinafter jointly referred to as "Creative Concepts").  *Id.*  Creative Concepts, Northern Pipeline and

NPL allegedly represented to plaintiffs that they would help them immigrate to the United States. *Id.* In November of 2002, plaintiffs entered into contracts for Creative Concepts to begin assisting plaintiffs in becoming citizens. *Id.* The parties agreed that $20 or more would be deducted from the plaintiffs' paychecks as payment for these services. *Id.*

Plaintiffs allege that almost a year after the agreements were entered into, applications for labor certification were sent to the Department of Labor on behalf of the plaintiffs, and Paul Shelley represented to the Immigration and Naturalization Service that he was the attorney or representative for the plaintiffs. *Id.* The Department of Labor granted the employment certifications for each plaintiff, and thereafter, the parties agreed for $25 to be taken out of their paychecks for Creative Concepts to continue to assist in immigration services by attempting to obtain lawful permanent residence status for each plaintiff. *Id.* The plaintiffs' applications for employment authorizations were denied, and at that time, plaintiffs discovered that the requisite forms to receive lawful permanent residence and to apply for employment authorization had not been filed. *Id.* Plaintiffs also allege that defendants falsely represented that they would take care of all the processing required to obtain green cards for the plaintiffs. *Id.*

Defendants removed the action to this court on December 8, 2010, based on federal question under 28 U.S.C. § 1331. (#1). Plaintiff filed a second amended complaint on June 27, 2011, adding new parties. (#29). On September 22, 2011, the parties filed a discovery plan and scheduling order, seeking a discovery cut-off date of July 21, 2012. (#54). The court signed the discovery plan and scheduling order (#54) on September 28, 2011. (#57). On August 22, 2012, the parties stipulated to the following deadlines: Discovery Cutoff of February 28, 2013, Extension of Discovery Cutoff or Modification of Discovery Plan deadline of February 7, 2013, Amendment of Pleadings and Addition of Parties deadline of November 1, 2012, Disclosure of Expert Witnesses deadline of January 2, 2013, Disclosure of Plaintiffs' Damages Expert Witness(es) deadline of November 1, 2012, Disclosure of

Rebuttal Experts deadline of February 4, 2013 (including any rebuttal expert(s) to Plaintiffs' damages expert) Joint Interim Status Report deadline of January 2, 2013, Dispositive Motions deadline of April 29, 2013, and Joint Pretrial Order deadline of May 29, 2013 (or 30 days after a decision on the dispositive motions). (#103). The court signed the stipulation on August 23, 2012. (#104).

On October 29, 2012, plaintiffs filed a motion to compel. (#111). On November 27, 2012, defendant NPL filed a motion for leave to file excess pages (#118), an opposition to the motion to compel (#119), and a motion for protective order. (#120). On December 19, 2012, plaintiffs filed a second certificate of conference. (#129). On December 29, 2012, plaintiffs filed a reply in support of their motion to compel. (#130). On December 27, 2012, defendant filed a reply in support of its motion for protective order (#133), a motion for leave to file response to plaintiffs' second certificate (#129) (#134), and their response to the certificate (#135). Defendant filed a motion for summary judgment on January 4, 2013. (#136). On January 6, 2013, defendant filed the instant motion to strike. (#138).

The court entered a minute order on January 11, 2013, scheduling a hearing on the motion to compel (#111) for February 12, 2013. (#141). Plaintiffs filed a notice of conflict with the scheduled date (#142), and the defendant filed a response thereto (#145). Defendant filed a motion for sanctions (#143) and a motion to compel (#144) on January 14, 2013. On January 16, 2013, the court issued a minute order stating that "a hearing on the Motion for Leave to File Responsive Brief in Excess of Page Limitation (#118), Motion for a Protective Order (#120), and Request for Leave to Provide Response to Plaintiff's Second Certificate of Conference (#134) is scheduled for February 12, 2013 at 10:00 a.m. in Courtroom 3D, and that a hearing on the Defendant NPL Construction Co.'s Motion to Strike Plaintiffs' Designation of Expert Witness Dale Schwartz, Esq. and Accompanying Deficient Expert Report and to Preclude Mr. Schwartz from Testifying (#138) is scheduled for January 25, 2013." (#147). The parties filed a stipulation to reschedule the February 12, 2013, hearing. (#150). Plaintiffs filed an opposition to the motion to strike (#138) on January 20, 2013 (the parties stipulated for an extension of the response

deadline (#154)), and filed a notice of supplement to expert report on January 22, 2013 (#153). Defendant filed a reply on January 23, 2013. (#155).

### B. Substantive Facts

The expert disclosure deadline was January 2, 2013. (#104). Plaintiffs disclosed Dale Schwartz, Esq. an Atlanta lawyer, as an expert witness in immigration law on November 1, 2013. *Id* (Exhibit 1). The disclosure contains (1) the three page affidavit of Mr. Schwartz (Exhibit 1), and (2) Mr. Schwartz's curriculum vitae (Exhibit 2). *Id.* The parties met on December 19, 2012, regarding unrelated discovery disputes, and defendant asked plaintiffs' counsel if plaintiffs would be providing additional material from or regarding the individuals designated by plaintiffs as expert witnesses, including Mr. Schwartz. *Id.* Defendant took the position that Mr. Schwartz's disclosure was deficient, as it "provides only broad conclusory statements without the required specific basis and reasons for them," and did not contain (1) the facts and data considered by him, (2) any exhibits to be used to summarizes or support his opinions, (3) a list of all of his publications authored in the past ten years, (4) a list of all the cases he has testified as an expert in, and (5) a statement of compensation to be paid to him for his study and testimony. *Id.*

Plaintiffs stated during the meet and confer that they did not contemplate supplementing the report. *Id.* On December 21, 2012, defendant personally served Mr. Schwartz with a subpoena *duces tecum* requesting him to produce certain documents and information by January 3, 2013, and a subpoena *ad testificandum,* scheduling his deposition for January 17, 2013. *Id* (Exhibit 5). The defendant requested documents containing the information needed to help "illuminate the basis of the opinions set forth in his affidavit." *Id.* Defendant did not received any documents or an objection to the deposition notice. *Id.*

### C. Defendant's Argument

Defendant argues that the plaintiffs' expert should be excluded from testifying and his report should be stricken for failure to comply with Rule 26(a)(2)(B). (#138). Defendant asserts that Mr.

Schwartz's deficient report should be stricken because it does not include: (1) the facts and data considered by Mr. Schwartz in forming his opinion; (2) any exhibits to be used to summarize or support his opinions; (3) a list of all of Mr. Schwartz's publications authored in the previous ten years; (4) a list of all cases in which, during the previous four years, Mr. Schwartz testified as an expert at trial or by deposition; and (5) a statement of the compensation to be paid to Mr. Schwartz for his study and testimony in this case. *Id.*

Defendant also argues that the report fails in other regards, as the report is not detailed and complete as required by Rule 26(a)(2)(B)(I), and only contains conclusory statements without reference to supporting information. *Id.* As an example, defendant quotes Mr. Schwartz' report: "It is my opinion that the information provided to the Plaintiffs by the Defendants concerning their eligibility to adjust their status was false." *Id.* Defendant states that Mr. Schwartz does not identify the "information" he is referring to or the reasons he believes it is false. *Id.* Defendant also states that "Mr. Schwartz vaguely asserts that he reviewed Plaintiffs' "live pleadings" and that he reviewed "or will review" relevant portions of each Plaintiffs' deposition and "immigration filings," and "[t]he fact that Mr. Schwartz apparently intends to perform a review of relevant information in the future, after already tendering his conclusory opinions, not only puts the proverbial "cart before the horse," but along with his other ambiguous references to unspecified "immigration filings" demonstrates the incompleteness and inadequacy of his expert report." *Id.*

Defendant asserts that the expert disclosure prejudices defendant, because Mr. Schwartz's deposition is approaching and a party should not have to depose a witness or otherwise dig for information that should be readily available in the proper designation and report. *Id.* Defendant argues that the plaintiffs' failures have hindered its ability to: (1) adequately assess Mr. Schwartz as an expert witness; (2) determine the need for his deposition; (3) fully prepare for his deposition; (4) ascertain the

need for a rebuttal expert witness; (5) ensure that it can retain the right rebuttal witness(es); and (6) timely prepare the requisite rebuttal expert disclosure(s) by February 4, 2013. *Id.*

Defendant asks this court to "strike Plaintiffs' designation of Dale Schwartz, Esq. as an expert witness and to strike Mr. Schwartz's expert report and prohibit Plaintiffs from using Mr. Schwartz or his report to supply evidence on a motion, at a hearing, or at trial. NPL further requests any other relief the Court deems just and proper, including an extension of discovery and related deadlines in order to fully address the need for any necessary rebuttal expert witness and an award of NPL's fees and costs associated with these issues." *Id.*

### D. Plaintiffs' Argument

Plaintiffs assert that (1) the "emergency" was caused by NPL's own actions, (2) the declaration of NPL's counsel contains material omissions, (3) NPL failed to meet and confer as required prior to filing a motion with the court, (4) had NPL conferred with plaintiffs regarding the lists inadvertently omitted from the expert report the issue would have been cured by plaintiffs, (5) the expert report was provided to NPL *early* and NPL chose not to act for 68 days, and (6) Mr. Schwartz's expert report is substantively sufficient and his opinions will assist the trier of fact. (#152).

#### 1. Relevant Facts and Mr. Schwartz's Qualifications

Plaintiffs state that NPL hired hundreds of undocumented workers, and after 9/11, it was being "raided by U.S. Immigration and Customs Enforcement (ICE) agents." *Id.* NPL applied for Labor Certificates on behalf of plaintiffs with the Department of Labor "even though they did not qualify to have their status adjusted under the law." *Id.* After taking money out of the plaintiffs' paychecks for this "program," plaintiffs were fired and told they would not become citizens. *Id.*

Plaintiffs argue that Mr. Schwartz's report will assist the trier of fact, as his "credentials are impeccable," he actively practices in the immigration arena and "has a national reputation as an immigration specialist," was the President of the American Immigration Lawyers Association, serves on

national boards of organizations concerned with immigration, has testified as an expert witness before committees of the U.S. House of Representatives and the United States Senate on immigration legislation, and, especially relevant to the dispute, has "direct experience with filing applications for labor certification both before and after 9/11." *Id.* Plaintiffs allege that through his 40+ years of experience, Mr. Schwartz has insight and opinions on immigration law and "the steps involved in immigration procedure." *Id.*

### 2. "Emergency" Basis of Motion/Meet and Confer

Plaintiffs argue that the defendant's motion should be denied, and that defendant created its own emergency through not being diligent and not meeting and conferring. *Id.* The expert report was timely served (2 months early) and the rebuttal expert report is not due until February 4, 2013, which provided NPL three months to find a rebuttal expert and/or address any alleged deficiencies with plaintiffs' expert's report. *Id.* Plaintiffs assert that NPL never contacted plaintiffs' counsel regarding the missing lists of publications and cases he testified in, despite being in constant contact relating to the action, scheduling depositions, and discovery disputes. *Id.* NPL caused the emergency by waiting until after Mr. Schwartz's deposition had been scheduled and two months after it received the expert report to file motion. *Id.* Plaintiffs argue that the motion could have been avoided by NPL contacting plaintiffs' counsel, and the motion should be denied. *Id.*

The parties engaged in a meet and confer sessions from November 1, 2012 (when the report was served) to January 8, 2013 (the date of filing the motion), and at no time did NPL bring up the issue, as evidenced by the fact that there is no certificate of conference attached to the motion (#138). *Id.* Plaintiffs state that the December 19, 2012, conference was set to discuss "other matters including major issues of attorney client privilege concerning possibly scores or hundreds of documents, and "[o]nly a passing reference" was made regarding the expert report. *Id.* Plaintiff states that the brief statements were as follows:

> *NPL's Counsel*: "Do you plan on any more expert reports or supplements before the deadline. I just need to know, if possible, for planning purposes."
>
> *Plaintiffs' Counsel:* "No problem. I don't think we will put forward anything else. I am pretty sure you have all the expert opinions that we are going to rely on. If anything else comes up I'll let you know."

Plaintiffs assert that at no time during the call did any attorney for NPL make a complaint that the expert report was inadequate or state that it violated the federal rules. *Id.* If this had happened, plaintiffs state, the court would not have to concern itself with 4 of the 5 issues raised in the motion (#138). NPL argues that the report should be stricken because Mr. Schwartz failed to provide: 1) any exhibits to be used to summarize or support his opinions; 2) a list of his publications authored in the previous 10 years; 3) a list of cases he has testified in, and 4) a statement of compensation. (#138).

Plaintiffs assert that (1) there are no exhibits Mr. Schwartz intents to use, (2) a list of the cases and publications "were inadvertently left out," and (3) no invoice has been issued to date, but plaintiffs counsel "would have gladly explained that Mr. Schwartz is billing by the hour and expects to be paid as any other attorney billing by the hour would expect to be paid." *Id.* Plaintiffs state that none of these issues pose an emergency and could have been easily corrected through a meet and confer." *Id.*

### 3.     Substance of Mr. Schwartz's Report

Plaintiffs assert that beyond the easily curable issues raised in NPL's motion (#138), the argument that the report is insufficient is false, as Mr. Schwartz's report is substantively sufficient and meets the requirements of Rule 26(a)(2)(B). *Id.* Plaintiffs argue that NPL selected two passages from the report, took them out of context, and then asserted that they are conclusory. *Id.* With regard to the statement that "Plaintiffs received no value for the money that was withheld," and NPL's argument that the report does not identify the "information" the expert is referring to (#138), plaintiffs assert that (1) the issue is self evident and does not seem to be in dispute: "it is undisputed that the money withheld

from the [p]laintiffs' paychecks did not result in a change in immigration status," and (2) the statement is taken out of context, as it is near the end of the report *after* Mr. Schwartz gives a full explanation for his opinions and that they are based on his experience, knowledge, a review of the pleadings and portions of the immigration filings and depositions, and an application of the LIFE Act to the facts.  *Id.*  Plaintiffs assert that "Mr. Schwartz is more than capable to explain and opine that persons who were told that they could adjust their status through employer sponsorship after the expiration of the LIFE Act were not told the truth," and "[c]oncluding and opining that the Plaintiffs received no value for the money they paid for the sponsorship is not only the next logical step, it's a fact."  *Id.*

The other concern NPL had with the report was that Mr. Schwartz stated that he has "reviewed or will review relevant portions of each [p]laintiffs' deposition and immigration filings."  (#138-1). Plaintiffs argue that Mr. Schwartz listed four cases related to the action that he reviewed and that the phrase "or will review" should not be surprising, as "marathon sessions resulted in deposition transcripts FOR EACH OF THE PLAINTIFFS that are at least two volumes thick," and the immigration filings produced in this case are voluminous.  *Id.*  Plaintiffs state that to review **all** of this material (tens of thousands of pages) produced in the action "would necessarily consume weeks of concentrated effort," and that an expert who is to explain the immigration law in effect at the time and offer opinions would "characterize his review exactly as Mr. Schwartz has done."  *Id.*

        4.      **Rule 26**

Rule 26 requires an expert witness to provide a written report containing: (I) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified

as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case. Fed. R. Civ. P. 26(a)(2)(B)(I)-(vi).

Plaintiffs assert that these requirements are satisfied or could have been easily satisfied without the filing of a motion: (I) and (ii) the report contains a complete statement of the opinions and the basis for them and what he considered[1], (iii) there are no exhibits, (iv) he provided a CV which outlines his 40 years of experience as an attorney, expert assisting the legislature, and teaching at Emory, (he inadvertently left out the publications and could have supplemented if NPL brought it to plaintiffs' attention), (v) and (vi) the list and fees were inadvertently left out and could have been supplemented. *Id.*

Plaintiffs assert that the court may sanction a party by excluding an expert, unless the failure to disclose the expert was "substantially justified or is harmless." *Id* (citing Fed. R. Civ. P. 37(b)(2) and (c)(1). Plaintiffs argue that the disclosure was early, and that the alleged insufficiencies were nothing more than an oversight and were harmless, as no trial date is set, discovery has not closed, Mr. Schwartz' deposition has not occurred, the rebuttal expert is not due until February, and plaintiffs agreed to extend that deadline. *Id.*

### 5. The Subpoena Attached to NPL's Motion

NPL argues in its motion that Mr. Schwartz did not respond to the subpoena to produce documents issued on December 20, 2012 (#138-1 Exhibit 5). (#138). Plaintiffs argue, however, that this subpoena was *withdrawn* when the parties agreed to move the deposition. (#152). Plaintiffs state that a new subpoena was served on Mr. Schwartz on December 31, 2012, but that a copy of the subpoena was not provided to plaintiffs' counsel and only a new notice of deposition was emailed to

---

[1]"His report lists every category of the areas of immigration law and the procedures related to the LIFE Act and the labor certification procedure. His report states that he will explain what legal remedies were and were not available to the Plaintiffs under immigration law during the time the NPL Immigration Plan was conceived and implemented. (See paragraphs 4(a) – 4(g) of Schwartz's report. His report then covers all of his opinions in paragraphs 5-13." (#152).

plaintiffs' counsel with no subpoena attached. *Id.* Plaintiffs assert that the new subpoena was not attached to the motion to strike (#138). *Id.*

### 6. Supplement to Report

On January 22, 2013, plaintiffs filed a supplement to expert report, which includes a list of Mr. Schwartz's cases, publications, and rate. (#153). Mr. Schwartz states in a letter attached to the notice that his hourly rate is $350.00, that he has not testified in the last four years, but that he was retained in three cases, and that he has not published any articles during the last ten (10) years, "but ha[s] lectured at immigration law seminars several times each year for the past 25 or more years." (#153-1 Exhibit 1).

### C. Relevant Law/ Discussion

Pursuant to Rule 26(a)(2)(B), "[u]nless otherwise stipulated or ordered by the court, this [expert] disclosure must be accompanied by a written report--prepared and signed by the witness--if the witness is one retained or specially employed to provide expert testimony in the case or one whose duties as the party's employee regularly involve giving expert testimony. The report must contain: (I) a complete statement of all opinions the witness will express and the basis and reasons for them; (ii) the facts or data considered by the witness in forming them; (iii) any exhibits that will be used to summarize or support them; (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years; (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition; and (vi) a statement of the compensation to be paid for the study and testimony in the case."

Rule 37(c)(1) states that "[i]f a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard: (A) may order payment of the reasonable expenses, including attorney's fees, caused by the

failure; (B) may inform the jury of the party's failure; and (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)-(vi)."

Plaintiffs timely served the two-page expert report (#138-1), which omitted several requirements under Rule 26(a)(2)(B). Both parties had nearly two months to address any deficiencies and/or supplement the report, but did not do so. Plaintiffs supplemented (#153) the report to include Mr. Schwartz's cases, publications, and fees *after* the defendant filed the motion to exclude the expert (#138). The court finds that the late disclosure of the cases, publications, and fees (#153) is harmless, and that striking the report due to these omitted requirements is not warranted. *See* Fed. R. Civ. P. 37(c)(1). As plaintiffs did not provide exhibits in their supplement (#153) and represented to the court that the expert will not use any exhibits, the expert is foreclosed from using exhibits. *See Wintice Group, Inc.*, 2011 383039, at *3.

Upon a review of the substance of the expert report (#138-1), the court finds that the report (#138-1) is insufficient and must be amended. As the court stated during the hearing, the amended report **must** be drafted in such a way that a rebuttal expert can properly prepare a report and defense counsel can prepare for the expert's deposition, and **must** (1) state precisely and focus on the narrow legal issue that the expert will be called upon to testify about inn ¶ 4(a), (2) elaborate on, actually explain, and provide an opinion regarding the procedures of, changes to, and impact of the LIFE Act as purported in ¶ 4(b), (3) explain *all* penalties he will testify about in ¶ 4©, (4) elaborate on and explain statements made in ¶ 4(d),(e),(f) and (g), (5) explain what information provided to plaintiff he opines was "false" and the basis for this opinion in ¶ 6, and (6) elaborate on and explain why it is his opinion "that filing the applications for labor certifications on behalf of the [p]laintiffs exposed them and their family members to harm by increasing their likelihood of deportation" in ¶ 13.

The discovery deadline of February 28, 2013, is not extended, and the deadline for the parties to conduct limited discovery on the narrow issue addressed in Mr. Schwartz's amended expert report is

April 30, 2013. Plaintiffs must serve defendant with Mr. Schwartz's amended expert report on or before February 15, 2013. The deadline for defendant to disclose their rebuttal expert report (relating only to the narrow issue addressed in the amended expert report) is March 29, 2013. The parties must agree upon a deposition schedule for these experts. Dispositive motions are due by May 31, 2013, and the Joint Pretrial Order is due thirty (30) days after the dispositive motions deadline, or on June 30, 2013. If dispositive motions are filed, the joint pretrial order is due thirty (30) days from the entry of the court's rulings on the motions or by further order of the court.

The court finds that the requirements of Rule 26 are clear and that the supplement (#153) did not cure all of the deficiencies. The court has the discretion to fashion an appropriate sanction for plaintiffs' incomplete expert report. *Wintice Group, Inc.*, 2011 383039, at *3 (quoting *Keener v. United States*, 181 F.R.D. 639, 641 (D. Mont. 1998))("If full compliance with Rule 26(a) is not made, Rule 37(c)(1) mandates some sanction, 'the degree and severity of which are within the discretion of the trial judge.'"). The plaintiffs are sanctioned in the amount of $2,000.00 for failing to disclose a complete expert report and must provide the payment to defendant within two weeks from the date of the hearing.

Accordingly and for good cause shown,

IT IS ORDERED that defendant's *Emergency* Motion To Strike Plaintiff's Designation of Expert Witness (#138) is GRANTED in part and DENIED in part, as discussed above.

IT IS FURTHER ORDERED that:

(1) Plaintiffs' expert is foreclosed from using any exhibits.

(2) The discovery deadline of February 28, 2013, is not extended, and the deadline for the parties to conduct limited discovery on the narrow issue addressed in Mr. Schwartz's amended expert report is April 30, 2013.

(3) Plaintiffs must serve defendant with the amended expert report on or before February 15, 2013. The deadline for defendant to disclose their rebuttal expert report is March 29, 2013. The parties must meet to schedule the experts' depositions.

(4) Dispositive motions are due by May 31, 2013, and the Joint Pretrial Order is due thirty (30) days after the dispositive motions deadline, or on June 30, 2013. If dispositive motions are filed, the joint pretrial order is due thirty (30) days from the entry of the court's rulings on the motions or by further order of the court.

(5) Plaintiffs must pay the $2,000.00 sanction to defendant within two weeks from the date of the hearing on the motion.

DATED this 30th day of January, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE