# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

***

| | |
|---|---|
| GABRIEL HERNANDEZ, *et al.*, <br><br> Plaintiffs, <br><br> vs. <br><br> CREATIVE CONCEPTS, *et al.*, <br><br> Defendants. | 2:10-cv-02132-PMP -VCF <br><br> **ORDER** <br><br> **(Stipulation and Request for Revised Discovery Plan and Scheduling Order and Identification of Disputed Scope of Discovery Pursuant to the Court's April 22, 2013, Order #241 (#251) and Motion to Request A Discovery Conference (#253))** |

Before the court is the parties' Stipulation and Request for Revised Discovery Plan and Scheduling Order and Identification of Disputed Scope of Discovery Pursuant to the Court's April 22, 2013, Order #241. (#251).

Also before the court is NPL Construction Company's (hereinafter "NPL") Motion to Request A Discovery Conference. (#253).

**I.      Stipulation and Request for Revised Discovery Plan and Scheduling Order (#251)**

     **A.      Stipulated Extended Deposition and Discovery Schedule**

The parties state in the stipulation that they agree to extend the following deposition and discovery deadlines:

| | |
|---|---|
| NPL's Disclosure of Its Rebuttal Economic Damages Expert | May 10, 2013 |
| Deposition of Aida Real | May 21-22, 2013 |
| Deposition of John Speidel | May 23-24, 2013 |
| NPL's Disclosure of Rebuttal Immigration Expert Witness | May 24, 2013 |
| Deposition of Ricardo Pringle | May 30-31, 2013 |

| | |
|---|---|
| Deposition of Chris Brelje | June 3, 2013 |
| Depositions of Troy Ware, Andrew Pressimone, and Guillermo Negron | June 4-6, 2013 (or a mutually convenient time after May 31, 2013) |
| Deposition of NPL's Rebuttal Immigration Expert Witness | June 7, 2013 |
| Deposition of Michael Kemper | June 18-19, 2013 |
| Reopened Deposition of Dan Weaklend | June 21, 2013 |
| Reopened Deposition of Cavin Donnell | June 28, 2013 |
| Deposition of NPL's Rebuttal Economic Damages Expert | To be completed July 9, 10, 11, or 12 (depending upon witness availability) |

(#251). The parties agree that they will be allowed to subpoena documents from third parties. *Id.* The parties also agree that:

> NPL will transmit to Plaintiffs an unsigned, updated release of records for Plaintiffs Ivan Madrigal and Carlos Navarrete whose prior releases have expired and/or were not considered to be sufficient by the third party from whom records were sought, resulting in the non-disclosure of records by third parties. Plaintiffs will execute the same and transmit the executed releases to NPL within three (3) weeks of the date received by Plaintiffs' counsel. NPL will continue to supplement its discovery responses with any documents it receives in response to such subpoenas duces tecum or Freedom of Information Act requests.

*Id.*

In addition to the agreed upon schedule above, the following deadlines are set by the court for the reasons set forth below:

| | |
|---|---|
| Discovery Cut-Off | August 15, 2013 |
| Dispositive Motions Deadline | September 27, 2013 |
| Joint Pretrial Order | October 28, 2013. If dispositive motions are filed, the joint pretrial order is due thirty days from the entry of the court's rulings on the motions. |

. . .

### B.     Disputed Areas of Discovery

#### 1.     Date for Filing Dispositive Motions

Defendant NPL asserts that the parties previously agreed on a dispositive motions deadline of sixty (60) days after the discovery cut-off date, but that plaintiffs withdrew from that agreement and reduced the period to thirty (30) days." *Id.* Defendants argue that thirty (30) days is insufficient in light of the number of plaintiffs and the "considerable number of claims." *Id.* Plaintiffs argue that thirty (30) days will provide the parties sufficient time "to review the evidence they have gathered and to file any dispositive motions they may deem necessary." *Id.* The court finds that a dispositive motion deadline of forty-five (45) days after the discovery cut-off date is appropriate. *See* Federal Rule of Civil Procedure 1 (stating that the Rules "should be construed and administered to secure the just, speedy, and inexpensive determination of every action and proceeding."). The dispositive motion deadline is September 27, 2013.

#### 2.     Follow-up Discovery to the Deposition of Juan Palomera

NPL argues that plaintiffs have "reneged on their prior consent to permit 40 days for NPL to engage in follow-up discovery to the recent deposition of Juan Palomera," and that the follow-up discovery will be "necessarily limited and is unlikely to involve more than some limited written discovery or subpoenas to third parties." (#251). Plaintiffs assert that follow-up discovery is not needed, as NPL spent two days deposing Mr. Palomera, has had "over a month to review Mr. Palomera's deposition," and has "already obtained every documents in Mr. Palomera's possession." *Id.* The court finds that permitting limited follow-up discovery regarding Mr. Palomera is warranted. Within forty-five days from the entry of this order, defendants may serve up to three (3) interrogatories, three (3) requests for production of documents, and three (3) third party subpoenas limited in scope to follow-up discovery relating to Mr. Palomera.

. . .

### 3.     Amount and Scope of Written Discovery

NPL states that it does not oppose an additional period of sixty (60) days following the last deposition for the parties to conduct final written discovery, but that it believes that the court should place significant limitations on the amount of discovery conducted.  (#251).  NPL asserts that each party should be permitted to serve fifteen (15) interrogatories, fifteen (15) requests for production of documents, and fifteen (15) requests for admissions.  *Id.*  NPL also argues that the scope of the permitted discovery should be limited to "any issues in the deposition and discovery completed between May 21, 2013, and the last deposition in this case."  *Id.*

Plaintiffs argue that NPL's proposed amount of discovery is insufficient, and that plaintiffs agree to limiting the amount of interrogatories to fifty (50) and the requests for production to fifty (50).  *Id.*  Plaintiffs also assert that they should be allowed an unlimited number of requests for admissions.  *Id.*  Plaintiffs assert that limiting the scope of discovery to "newly discovered issues" will result in NPL claiming that "*any* additional discovery touches on some previously discovered issue, requiring [p]laintiffs to – again - come to the Court to get *any* discovery."  *Id.*  Plaintiffs state that limiting the scope will "unnecessarily complicat[e]" the proceedings.  *Id.*

The court has a duty to implement the discovery rules to secure the "just, speedy, and inexpensive determination" of this action.  *See* Fed. R. Civ. P. 1.  The court finds that it must limit the amount of written discovery permitted to maintain this goal.  Each party may serve up to twenty (20) interrogatories, twenty (20) requests for production of documents, and twenty (20) request for admissions.  The court finds that limiting the *scope* of the discovery, however, will lead to more discovery disputes and unnecessary delays.  The scope of the written discovery is limited only as set forth in Rule 26(b)(1).

. . .

. . .

#### 4. Sequencing of Written Discovery

NPL asserts that the parties should conduct the depositions before the parties engage in additional written discovery, as that will allow the parties to focus on completing the deposition schedule and then focus on the remaining written discovery. (#251). Plaintiffs argue that "[d]iscovery should not be stalled until after the last deposition," and that there "is no benefit to either party to delay discovery." *Id.* As stated above, the court must secure the speedy resolution of this action. *See* Fed. R. Civ. P. 1. The action has been pending before this court since December 8, 2010 (#1), there are two hundred and fifty-three (253) docket entries in this action, and no trial date is set. Bifurcating the discovery at this stage in the process is not warranted and would only cause delay. NPL's request to sequence the discovery is denied.

#### 5. Depositions of Individuals Identified in NPL's Last Three Supplemental Disclosures

Plaintiffs assert that the parties agreed that plaintiffs may depose certain individuals identified in NPL's three (3) most recent supplemental disclosures, but that NPL now "seeks to complicate that agreement." (#251). Plaintiffs argue that NPL waited until the last moment to provide its three supplemental disclosures, and that NPL's "strategy was to "disclose" information it has known for years at the very last minute in hopes that Plaintiffs would not be able to depose these individuals or seek other discovery." *Id.* Plaintiffs assert that they are working diligently to identify the individuals that may need to be deposed. *Id.* NPL asserts that since plaintiffs have not yet identified the individuals they wish to depose, NPL "may or may not be opposed to said depositions depending on the such things as the date of disclosure, the number of depositions Plaintiffs intend to take, the subject matter of said depositions, etc." *Id.*

The court finds that the parties should be able to work together to resolve this issue without the court's intervention. The parties must meet and confer in a good faith effort to agree upon the

depositions. If, after a good faith effort to do so, the parties are unable to agree, on or before May 17, 2013, the parties may file a joint statement providing each parties' position.

### 6. The Scope of Plaintiff's Requested Deposition of NPL Corporate Designee

The parties state that they are "presently in disagreement over the subjects/topics that may be covered in [p]laintiffs' planned Federal Rule 30(b)(6) depositions," and that "[t]hey also are in disagreement as to the amount of time that can be devoted to depositions of these individuals." (#251). The parties assert that they "plan to fully brief this issue by way of separate motions and/or oppositions thereto." *Id.* On May 17, 2013, the parties must file simultaneous briefs regarding the deposition of NPL's corporate designee. No oppositions are permitted.

## II.     Motion to Request A Discovery Conference (#253)

On May 5, 2013, NPL filed a request for a discovery conference to finalize the scope and extent of any additional discovery. (#253). The court finds that since this order addresses the parties' discovery disputes and orders supplemental briefing, scheduling a discovery conference is not warranted a this time. After the court reviews the parties' briefs regarding the deposition of NPL's corporate designee and the joint statement filed regarding the depositions relating to NPL's supplemental disclosures, the court will determine if a discovery conference is needed at that time.

Accordingly and for good cause shown,

IT IS ORDERED that the following deposition and discovery deadlines apply:

| | |
|---|---|
| NPL's Disclosure of Its Rebuttal Economic Damages Expert | May 10, 2013 |
| Deposition of Aida Real | May 21-22, 2013 |
| Deposition of John Speidel | May 23-24, 2013 |
| NPL's Disclosure of Rebuttal Immigration Expert Witness | May 24, 2013 |
| Deposition of Ricardo Pringle | May 30-31, 2013 |
| Deposition of Chris Brelje | June 3, 2013 |

| | |
|---|---|
| Depositions of Troy Ware, Andrew Pressimone, and Guillermo Negron | June 4-6, 2013 (or a mutually convenient time after May 31, 2013) |
| Deposition of NPL's Rebuttal Immigration Expert Witness | June 7, 2013 |
| Deposition of Michael Kemper | June 18-19, 2013 |
| Reopened Deposition of Dan Weaklend | June 21, 2013 |
| Reopened Deposition of Cavin Donnell | June 28, 2013 |
| Deposition of NPL's Rebuttal Economic Damages Expert | To be completed July 9, 10, 11, or 12 (depending upon witness availability) |
| Discovery Cut-Off | August 15, 2013 |
| Dispositive Motions Deadline | September 27, 2013 |
| Joint Pretrial Order Due | October 28, 2013. If dispositive motions are filed, the joint pretrial order is due thirty (30) days from the entry of the court's rulings on the motions. |

IT IS FURTHER ORDERED that the parties are allowed to subpoena documents from third parties.

IT IS FURTHER ORDERED that, pursuant to the parties' stipulation (#251), NPL will transmit to Plaintiffs an unsigned, updated release of records for Plaintiffs Ivan Madrigal and Carlos Navarrete whose prior releases have expired and/or were not considered to be sufficient by the third party from whom records were sought, resulting in the non-disclosure of records by third parties. Plaintiffs will execute the same and transmit the executed releases to NPL within three (3) weeks of the date received by Plaintiffs' counsel. NPL will continue to supplement its discovery responses with any documents it receives in response to such subpoenas duces tecum or Freedom of Information Act requests.

*Id.*

IT IS FURTHER ORDERED that, within forty-five (45) days from the entry of this order, defendants may serve up to three (3) interrogatories, three (3) requests for production of documents, and three (3) third party subpoenas limited in scope to follow-up discovery relating to Mr. Palomera.

IT IS FURTHER ORDERED that each party may serve up to twenty (20) interrogatories, twenty (20) requests for production of documents, and twenty (20) request for admissions.  The scope of the written discovery is limited only as set forth in Rule 26(b)(1).

IT IS FURTHER ORDERED that NPL's request to sequence the discovery is DENIED.

IT IS FURTHER ORDERED that the parties must meet and confer in a good faith effort to agree upon the depositions of certain individuals identified in NPL's three (3) most recent supplemental disclosures.  If, after a good faith effort to do so, the parties are unable to agree, on or before May 17, 2013, the parties may file a joint statement providing each parties' position.

IT IS FURTHER ORDERED that on May 17, 2013, the parties must file simultaneous briefs regarding the deposition of NPL's corporate designee.  No oppositions are permitted.

IT IS FURTHER ORDERED that NPL Construction Company's Motion to Request A Discovery Conference (#253) is GRANTED in part and DENIED in part, as discussed above.

DATED this 6th day of May, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE