**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| GABRIEL HERNANDEZ, *et al.*, | 2:10-cv-02132-PMP -VCF |
| Plaintiffs, | |
| vs. | **ORDER** |
| CREATIVE CONCEPTS, *et al.*, | **(Motion To Compel Discovery Responses #213)** |
| Defendants. | |

Before the court is plaintiffs' Motion To Compel Discovery Responses. (#213). Defendant filed an Opposition (#234), and plaintiffs did not file a Reply.

    **A.**    **Relevant Background**

Plaintiffs filed their first amended complaint on November 1, 2010, in the Eighth Judicial District Court, Clark County, Nevada, against defendants asserting claims for (1) breach of contract (against Creative Concepts), (2) breach of contract (against Northern Pipeline & NPL), (3) breach of confidential relationship, (4) breach of fiduciary duty, (5) fraudulent inducement, (6) fraudulent inducement, (7) negligent misrepresentation, and (8) negligent misrepresentation. (#1-3). Plaintiffs' amended complaint arises from their employment with Northern Pipeline Construction and NPL Construction Co. (hereinafter jointly referred to as "NPL") and immigration issues handled by John Speidel of Speidel Enterprises, Inc. d/b/a as Creative Concepts and Creative Concepts Inc (hereinafter jointly referred to as "Creative Concepts"). *Id.* Creative Concepts and NPL allegedly represented to plaintiffs that they would help plaintiffs become United States citizen through a labor certification program (hereinafter "Program"). *Id.* Plaintiffs agreed to certain terms and entered into contracts in

November of 2002 with Creative Concepts to begin assisting plaintiffs in becoming citizens. *Id.* The parties agreed that $20 or more would be deducted from the plaintiffs' paychecks as payment for these services. *Id.* Plaintiff alleges that "the entire five-plus year process was a sham concocted" by supervisors and managers at NPL with the assistance of other defendants." (#29).

Defendants removed the action to this court on December 8, 2010, based on federal question under 28 U.S.C. § 1331. (#1). Plaintiff filed a second amended complaint on June 27, 2011, adding new parties. (#29).[1] On March 31, 2013, plaintiffs filed the instant motion to compel. (#213). On April 2, 2013, plaintiffs filed a reply in support of their *emergency* motion (#204). (#215). On April 18, 2013, defendant NPL filed an opposition to the motion to compel (#213). (#234). Plaintiffs' reply was due on April 28, 2013. *Id.* Plaintiffs failed to file a reply.

### B. Motion To Compel

#### 1. Plaintiffs' Argument

Plaintiffs ask this court to compel defendant NPL to provide responses and/or supplemental responses to "(1) [p]laintiffs' First Request for Production to Defendant NPL; (2) [p]laintiffs' June 14, 2012 Request for Production; (3) [p]laintiffs' July 16, 2012 Request for Production; and (4) [p]laintiffs' July 19, 2012 Request for Production." (#213). Plaintiffs assert that "[c]ollectively, those pleadings contain 82 separate requests for production," and that "[a]lthough NPL did produce documents responsive to many requests, it objected to all of them." *Id.* The plaintiffs state that "[o]n December 4, 2012, prior to a December 19th, "meet and confer" conference, [p]laintiffs' counsel sought clarification from NPL's counsel as to whether NPL produced all responsive documents despite objecting to every discovery request, or whether it was withholding documents based on (1) its alleged inability to interpret the requests, or (2) its subjective belief that production was unnecessary under the law." *Id* (Exhibit 2).

---

[1] As the court and the parties are familiar with the procedural background in this action, the court will not include it in its entirety.

The plaintiffs assert that NPL's counsel stated that NPL may have withheld documents based on form objections, but that NPL would go through the responses and let plaintiffs know which objections would not substantially change NPL's responses if overruled or withdrawn, and which objections NPL was asserting in order to withhold substantive information. *Id.* Plaintiffs assert that, to date, NPL's counsel had not advised plaintiff's counsel as promised. *Id.* Plaintiffs argue that "[t]here is absolutely no legal authority that allows NPL to withhold non-privileged documents on the basis of form objections as it has admitted to [p]laintiffs it is doing." *Id.* Plaintiffs seek an order "directing NPL to produce, or alternatively, identify all responsive documents, not otherwise identified in its privilege log, that it is withholding on the basis of its form objections," or, "[a]lternatively, given NPL's reluctance to cooperate in the discovery process, [p]laintiffs request an order permitting their counsel to review, inspect, and copy NPL's non-privileged records at its places of business." *Id.*

Plaintiffs assert that NPL's objections are merely "form objections," and provide the court with a chart listing the following categories of objections: (a) vague and ambiguous, (b) unduly burdensome and overbroad, (c) not reasonably calculated to lead to the discovery of admissible evidence, and (d) seeks information protected by the Attorney Work Product Doctrine, Common Interest Doctrine, and/or Attorney-Client Privilege. *Id* (Exhibit 5). The motion only focuses on the first three categories of objections, as plaintiffs previously filed motions addressing the privileges asserted. *Id.* Plaintiffs also provide the court with a chart of phrases and words in their discovery requests that NPL objects to as being "vague and ambiguous." *Id* (Exhibits 3 and 4). Plaintiffs argue that the words are common terms and/or terms used specifically in this case to refer to topics, ideas, and details of the NPL sponsorship program. *Id.*

With regard to the objection of "unduly burdensome and overbroad," plaintiffs argue that "[i]n opposing discovery on grounds of burdensomeness, the objecting party is required to demonstrate that the time and expense involved in responding to the requested discovery will, in fact, be unduly

burdensome," and that NPL's statement that responding will take "numerous man hours," is insufficient. *Id* (citing *Residential Constructors, LLC v. Ace Prop. and Cas. Insur. Co.*, 2006 WL 3149362, * 9 (D. Nev.); *see also Diamond State Ins. Co. v. Rebel Oil, Co.*, 157 F.R.D. 691, 696 (D. Nev. 1994) and *Jackson Montgomery Ward & Co.*, 173 F.R.D. 524 (D. Nev. 1997). Plaintiffs argue that "[m]ore disturbing, is that NPL claims it is withholding some documents based on some of these objections, but has not produced a list of which of its form objections would substantively effect its production as it promised to do." *Id.*

In addressing NPL's objection as to relevance, the plaintiffs cite Federal Rule of Civil Procedure 26(b)(1) and the Ninth Circuit in *Shoen v. Shoen*, 5 F.3d 1289, 1292 (9th Cir. 1993), and merely state that "[t]he discovery propounded on NPL was narrowly tailored to the specific issues in this case and are relevant to the issues at had or likely to lead to the discovery of admissible evidence," without further analysis. *Id.* Plaintiffs also ask this court for an award of attorneys' fees for having to bring the instant motion. *Id.*

**2. NPL's Opposition**

NPL asks this court to deny plaintiffs' motion to compel (#213), based on the fact that (1) "NPL has produced over 20,000 pages of documents in this case, along with over 1,600 pages of documents obtained via subpoena and Freedom of Information Act requests and over 26,000 pages of documents it secured from Defendant Creative Concepts by way of a Fed. R. Civ. P. 34 Request for Production issued on November 2, 2011," (2) "each of [plaintiffs'] concerns with NPL's Response to [p]laintiffs' First Request for Production of Documents were addressed and resolutions negotiated during a meet and confer conference on November 16, 2011," and (3) "[t]he three other responses to requests for production of documents propounded by the [p]laintiffs during June and July 2012 were not the subject of any genuine attempt by [p]laintiffs to resolve through good-faith meet and confer efforts prior to the filing of their Motion." (#234).

NPL asserts that during the meet and confer conference held on December 19, 2012, plaintiffs were not prepared to discuss any specific interrogatory answer, specific response to a request for production of documents, or any particular issues they had. *Id.* NPL also asserts that after the meet and confer, plaintiffs sent an email "purporting to confirm their...understanding as to how the parties were going to proceed with their ongoing meet and confer efforts, which contained various misrepresentations/misunderstandings that NPL addressed in a December 26, 2012 response to the same." *Id.* NPL states that plaintiffs never responded to the email, and that "during the approximately 50 times [p]laintiffs' counsel has had telephone or email contact with NPL's counsel between December 26, 2012 and the date [p]laintiffs filed their Motion, [p]laintiffs have never requested to resume meet and confer discussions." *Id.*

NPL argues that plaintiffs "challenge just four of ten NPL Responses to Requests for Production made by [p]laintiffs and do not challenge any of NPL's answers to Interrogatories," and that the plaintiffs seek the remaining requested relief "without having made any genuine attempt to resolve their asserted issues through non-judicial means." *Id.* NPL also argues that plaintiffs fail to even attempt to demonstrate how NPL's objections are improper, and spend "no time analyzing any specific objection in the context of a specific request." *Id.* NPL provides the court with the full text of specific requests and responses to "illustrate the difficulty NPL had in understanding the full scope of the [p]laintiffs' requests." *Id.*

### 3. Relevant Law/Discussion

Pursuant to Local Rule 26-7(b) "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court action." Federal Rule of Civil Procedure 37(a)(1) provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery. The motion must include a certification that the movant has in

good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action."

Plaintiffs' counsel attached an affidavit to the motion to compel asserting that the parties held a meet and confer conference on December 19, 2012, "during which time [they] discussed [p]laintiffs' objections to NPL's discovery requests and NPL's objections to [p]laintiffs' discovery requests and other matters related to issues NPL wished to discuss." (#213-1). NPL asserts in its opposition that "each of [plaintiffs'] concerns with NPL's Response to [p]laintiffs' First Request for Production of Documents were addressed and resolutions negotiated during a meet and confer conference on November 16, 2011," that during the meet and confer conference held on December 19, 2012, plaintiffs were not prepared to discuss any specific interrogatory answer, specific response to a production of documents request or particular issues they had, and that "[t]he three other responses to requests for production of documents propounded by the [p]laintiffs during June and July 2012 [which are addressed in the motion to compel (#213)] were not the subject of any genuine attempt by [p]laintiffs to resolve through good-faith meet and confer efforts prior to the filing of their [m]otion." (#234). Plaintiffs did not file a reply rebutting NPL's representations.

The plaintiffs are required to meet in a good faith effort to resolve discovery disputes *before* filing a motion with the court. *See* LR 26-7(b) and Fed. R. Civ. P. 37(a)(1). Plaintiffs certified to the court that the parties held a meet and confer (#213-1), but when NPL informed the court that the issues raised in the motion (#213) were not discussed during the meet and confer and that plaintiffs made no effort to discuss the issues before bringing the motion (#213), plaintiffs did not file a reply rebutting such assertions. The motion (#213), therefore, was improperly filed and is denied. *See* LR 26-7(b) and Fed. R. Civ. P. 37(a)(1).

. . .

. . .

1

2
    Accordingly and for good cause shown,

3
    IT IS ORDERED that Motion To Compel Discovery Responses (#213) is DENIED.

4
    DATED this 21st day of May, 2013.

5
                                                    _____
                                                    CAM FERENBACH

6
                                                    UNITED STATES MAGISTRATE JUDGE

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25