UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| GABRIEL HERNANDEZ, RODOLFO NAVA, IVAN MADRIGAL, FRANCISCO CASTILLO, JOEL ROSA DE JESUS, JUAN CARLOS NAVARRETE, JUAN JOSE ACOSTA FLORES, ISMAEL AMPARAN-COBOS, EFREN RUANO, JUAN PALOMERA, OCTAVIO ANCHONDO, ARNOLDO RODRIGUEZ, and JESUS ANCHONDO, <br><br>Plaintiffs, <br><br>v. <br><br>CREATIVE CONCEPTS, INC.; SPEIDEL ENTERPRISES, INC.; JOHN SPEIDEL, PAUL SCHELLY; NORTHERN PIPELINE CONSTRUCTION CO.; and NPL CONSTRUCTION CO., <br><br>Defendants. | ORDER <br><br><br>2:10-CV-02132-PMP-VCF |

Presently before the Court is Defendant NPL Construction Co.'s Motion for Summary Judgment as to Plaintiff Octavio Anchondo for Failure to Disclose Claims in Bankruptcy and for Submission of False Affidavit (Doc. #136), filed on January 4, 2013. Plaintiffs filed an Opposition (Doc. #180) on February 25, 2013. Defendant filed a Reply (Doc. #191) on March 14, 2013.

**I. BACKGROUND**

The parties are familiar with the underlying facts in this case, and the Court will not repeat them here except where necessary. Defendant NPL Construction Co. ("NPL") moves for summary judgment on all claims asserted by Plaintiff Octavio Anchondo

1

1  ("Anchondo") because Anchondo failed to schedule his claims against NPL in his
2  bankruptcy proceedings.  NPL thus contends Anchondo lacks standing to pursue those
3  claims because they belong to the trustee of his bankruptcy estate.  NPL also argues that
4  Anchondo should be judicially estopped from pursuing the claims he failed to disclose in
5  his bankruptcy proceedings.  Alternatively, NPL requests the Court dismiss Anchondo's
6  claims due to his bad faith filing of a false affidavit in this action.  NPL asserts that at
7  Anchondo's deposition, he admitted he signed an affidavit that was not factually accurate,
8  and Plaintiffs have done nothing to correct the matter even though Plaintiffs relied on the
9  affidavit to oppose NPL's previous summary judgment motion.
10             Plaintiff Anchondo responds that NPL failed to raise judicial estoppel as an
11  affirmative defense in its Answer, and he would be prejudiced by the late addition of such a
12  defense at this stage in the proceedings.  Anchondo further contends that even if the Court
13  considers the defense, the Court should not apply it here because NPL has failed to
14  demonstrate Anchondo knew he had a claim against NPL before Anchondo's bankruptcy
15  proceeding closed, as NPL concealed its wrongdoing, which consists of a complicated
16  fraudulent scheme against unsophisticated workers.  Anchondo further contends he
17  continued to work for NPL and did not bring this suit until months after his bankruptcy case
18  closed.  Alternatively, Anchondo argues that rather than dismiss, the Court should permit
19  Anchondo to move to reopen his bankruptcy case and substitute the trustee as the interested
20  party in this action.  As to the affidavit, Anchondo argues it was the result of a mistake
21  rather than bad faith, as shown by his ready willingness to correct the error at his
22  deposition.
23             NPL replies that it was not required to plead judicial estoppel as an affirmative
24  defense, and Anchondo has failed to show prejudice from NPL raising the issue now.  NPL
25  also argues it does not have to show Anchondo knew he had a valid claim against NPL
26  during his bankruptcy proceedings, it need show only that Anchondo knew enough facts

supporting a potential claim.  NPL asserts the Court should not permit reopening of the bankruptcy case because that would reward Anchondo's failure to disclose the claim until the failure was pointed out by an adversary.  NPL repeats its argument that the bankruptcy trustee has standing, not Anchondo, and the Court therefore should dismiss for lack of jurisdiction.  Finally, as to the false affidavit, NPL contends Anchondo submitted the affidavit twice, it affected this Court's ruling, and Anchondo corrected it only when confronted at his deposition.

**II. DISCUSSION**

"The doctrine of standing is based both on prudential concerns and on constitutional limitations on the jurisdiction of the federal courts." Doran v. 7-Eleven, Inc., 524 F.3d 1034, 1039 (9th Cir. 2008).  There is no question that Anchondo satisfies constitutional standing, however, the parties dispute whether Anchondo's pursuit of this case raises prudential standing concerns in light of his bankruptcy proceeding.  Prudential standing "embodies judicially self-imposed limits on the exercise of federal jurisdiction," including "the general prohibition on a litigant's raising another person's legal rights . . . ." Id. at 1044 (quotations omitted).  In other words, a plaintiff must "assert his own legal interests as the real party in interest." Dunmore v. United States, 358 F.3d 1107, 1112 (9th Cir. 2004)

Anchondo lacks prudential standing because his bankruptcy estate is the real party in interest.  Anchondo's bankruptcy estate owns the causes of action even though Anchondo failed to schedule those claims, and the claims remained the bankruptcy estate's property even after the bankruptcy court discharged his debt. See id. (citing 11 U.S.C. § 554(c), (d)).  Anchondo's bankruptcy estate therefore is the real party in interest.

However, Anchondo's lack of standing may be remedied pursuant to Federal Rule of Civil Procedure 17(a)(3), which precludes the Court from dismissing the action for failing to prosecute it in the name of the real party in interest until after "a reasonable time

3

has been allowed for the real party in interest to ratify, join, or be substituted into the action." The Court therefore will allow Anchondo until August 16, 2013, to notify the trustee of his bankruptcy estate about this action and the bankruptcy estate's interest in it. The trustee shall have until September 6, 2013, to ratify, join, or substitute into the action.

Given the standing issue, and given new authority on judicial estoppel which the parties have not had the opportunity to brief in relation to this case,[1] the Court declines to rule on the parties' arguments regarding judicial estoppel and the allegedly false affidavit. The parties may reassert these arguments following the trustee's decision regarding the claims in this case, if necessary and appropriate.

## III. CONCLUSION

IT IS THEREFORE ORDERED that Defendant NPL Construction Co.'s Motion for Summary Judgment as to Plaintiff Octavio Anchondo for Failure to Disclose Claims in Bankruptcy and for Submission of False Affidavit (Doc. #136) is GRANTED in part and DENIED in part. The Motion is GRANTED to the extent that Plaintiff Octavio Anchondo lacks standing. The Motion is DENIED in all other respects.

IT IS FURTHER ORDERED that Plaintiff Octavio Anchondo shall, on or before August 16, 2013, notify the trustee of his bankruptcy estate about this action and the bankruptcy estate's interest in it.

IT IS FURTHER ORDERED that the trustee shall have until September 6, 2013, to ratify, join, or substitute into the action.

DATED: August 8, 2013

PHILIP M. PRO
United States District Judge

---

[1] See Ah Quin v. Cnty. of Kauai Dep't of Transp., --- F.3d ----, 2013 WL 3814916 (9th Cir. 2013).

4