**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

| | |
|---|---|
| GABRIEL HERNANDEZ, *et al.* | |
| Plaintiff, | 2:10-cv-02132-PMP-VCF |
| vs. | |
| CREATIVE CONCEPTS, INC., *et al.* | **ORDER** |
| Defendant. | |

Before the court is Plaintiffs Gabriel Hernandez, *et al.*'s ("Hernandez") Motion to Strike Defendants' Expert Economist (#280). Defendants NPL Construction, Co., *et al.* ("NPL") filed an Opposition (#294) and Cross Motion to Strike Plaintiffs' Motion to Strike (#293). Plaintiffs Replied (#296).

This matter involves Hernandez's various tort and contract claims against NPL. (*See* Compl. (#1-3) at 4–13). The parties are currently in the midst of discovery. On July 12, 2013, Hernandez deposed NPL's expert economist, Paul White. (Pl.'s Mot. to Strike (#280) at 17:17). In preparation for the deposition, NPL reviewed and produced thousands of pages of documents. (*See* Def.'s Opp'n (#293) at 6). NPL, however, did not produce a "National Wage Spreadsheet." (Pl.'s Mot. to Strike (#280) at 1). At the deposition, Hernandez objected, asserted that the spreadsheet was essential to White's deposition, and argued that NPL intentionally withheld the document. (*Id.*) NPL stated that the document was inadvertently omitted. (*See* Def.'s Opp'n (#293) at 6).

On August 1, 2031, Hernandez filed that instant motion to strike (#280). Hernandez argues that the court should strike NPL's expert because NPL intentionally omitted the "National Wage

1

Spreadsheet" and, therefore, violated Federal Rule of Civil Procedure 26(g). (*Id.*) In response, NPL argues that Hernandez motion should be denied because the parties did not meet and confer. (Def.'s Opp'n (#293) at 14). The court agrees.

Federal Rule of Civil Procedure 26(g) does not, by itself, contain a meet and confer requirement. *See* FED. R. CIV. P. 26(g); *see also Sakakibara v. Spectrum Gaming Group, LLC*, No. 2:09–cv–02000–HDM–LRL, 2010 WL 2947381 at *2 (D. Nev. July 22, 2010) ("No meet and confer requirement is attached to a motion for Rule 26(g) sanctions"). Local Rule 26-7(b), however, provides that "[d]iscovery motions will not be considered unless a statement of the movant is attached thereto certifying that, after personal consultation and sincere effort to do so, the parties have been unable to resolve the matter without Court intervention." It is axiomatic that failure to comply with Local Rule 26-7(b) warrants the denial of a discovery motion. *See Shuffle Master, Inc. v. Progressive Games, Inc.*, 170 F.R.D. 166, 172 (D. Nev.1996) (holding that personal consultation means the movant must personally engage in two-way communication with the nonresponding party to meaningfully discuss each contested discovery dispute in a genuine effort to avoid judicial intervention).

The parties agree that they made no attempt to meet and confer. (Def.'s Opp'n (#293) at 2:6–8); (Pl.'s Reply (#296) at 2–3). Hernandez, however, asserts that Local Rule 26-7(b)'s meet and confer requirement is inapplicable because Hernandez's Rule 26(g) motion "is not a discovery motion." (Pl.'s Reply (#296) at 3:3–4). This argument is unpersuasive. Rule 26 is part of Title V of the Federal Rules of Civil Procedure. *See* FED. R. CIV. P. 26. Title V is entitled "Disclosures and Discovery." *Id*. Similarly, Rule 26 is itself entitled, "Duty to Disclose; General Provision Governing Discovery." *Id*. The court, therefore, concludes that a Rule 26(g) motion is a discovery motion, which invokes Local Rule 26-7(b)'s meet and confer requirement.

ACCORDING, and for good cause shown,

IT IS ORDERED that Plaintiffs Gabriel Hernandez, *et al.*'s Motion to Strike Defendants' Expert Economist (#280) is DENIED.

IT IS FURTHER ORDERED that Defendants' Motion to Strike Plaintiffs' Motion to Strike (#293) is DENIED as moot.

IT IS SO ORDERED.

DATED this 23th day of September, 2013.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE

3